**JIN JIAN ZHENG, Petitioner,**

v.

Alberto R. GONZALES,[1] Respondent.

No. 05–0143.

United States Court of Appeals,
Second Circuit.

Jan. 26, 2006.

Michael Brown, New York, New York, for Petitioner.

Michael J. Garcia, United States Attorney for the Southern District of New York, Pierre G. Armand, Sara L. Shudofsky, Assistant United States Attorneys, New York, New York, for Respondent.

## SUMMARY ORDER

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, Foley Square, in the City of New York, on the 26th day of January, Two thousand and six.

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Jin Jian Zheng, through counsel, petitions for review of the BIA decision denying his motion to reopen his immigration proceedings. We assume the parties' familiarity with the underlying facts and procedural history.

This Court reviews the BIA's denial of a motion to reopen for abuse of discretion. *Twum v. INS,* 411 F.3d 54, 58 (2d Cir. 2005) (internal citations omitted). An abuse of discretion will be found "in those circumstances where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary conclusions or statements; that is to say, where the [BIA] has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. U.S. Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted).

Although the BIA abused its discretion when it determined that Zheng's motion to reopen was untimely filed, Zheng has waived that claim. *See Yueqing Zhang v. Gonzales,* 426 F.3d 540, 541 n. 1 (2d Cir. 2005). Manifest injustice would not result if we refuse to consider this claim because Zheng has filed three motions to reopen and the BIA properly determined that Zheng's motion does not fall within one of the exceptions to the timeliness and numerical limitation requirements of 8 C.F.R. § 1003.2(c)(3). This Court has already held that a change in an individual's personal circumstances does not qualify under the country conditions exception. *Li Yong Zheng v. U.S. Dep't of Justice,* 416 F.3d 129, 130–31 (2d Cir.2005) (holding that an alien failed to qualify for the changed circumstances exception by asserting only that his personal circumstances had changed by the birth of a child); *Jian Huan Guan v. BIA,* 345 F.3d 47, 49 (2d Cir.2003). Zheng asserted that his case should be reopened because he now has two children born in the United States. He claimed that the Chinese government has changed the enforcement of the coercive family planning policy with respect to Chinese citizens with U.S. born children, but the supporting documents, including the Aird affidavit, do not support such a

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

claim. Accordingly, even if this case were remanded because the BIA made an improper finding with respect to the timeliness of Zheng's motion, there is no possibility that the outcome would be different on remand. *Cf. Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 395 (2d Cir.2005).

Accordingly, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).